Fraser A. McAlpine (State Bar No. 248554)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Fraser.McAlpine@jacksonlewis.com

Isabella L. Shin (State Bar No. 294937)
JACKSON LEWIS P.C.
Riverpark Tower
333 West San Carlos Street, Suite 1625
San Jose, California 95110-2714
Telephone: (408) 579-0404
Facsimile: (408) 454-0290
E-mail: Isabella.Shin@jacksonlewis.com

Attorneys for Defendants
HILTON MANAGEMENT LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHASTA COLLINS on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON MANAGEMENT LLC, a Delaware limited liability company, and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446, 1453]**<br><br><br><br>State Complaint Filed: 02/22/2021<br>Notice of Removal Filed: 04/07/2021 |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Hilton Management LLC ("Defendant") removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Francisco pursuant to 28 U.S.C. § 1441. Defendants invoke this Court's original jurisdiction under 28 U.S.C. § 1332 (the Class Action Fairness Act). Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Shasta Collins ("Plaintiff") and without conceding that Plaintiff has pled claims upon which relief can be granted. This removal is based on the following grounds:

## I.  PROCEDURAL BACKGROUND

1. On February 22, 2021, Plaintiff filed a class action Complaint ("the Complaint") in the Superior Court of the State of California, County of San Francisco, entitled *Shasta Collins v. Hilton Management, LLC,* Case No. CGC-21-589873. The Complaint sets forth the following eight class-wide causes of action: (1) unfair competition; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide meal breaks; (5) failure to provide rest breaks; (6) failure to reimburse expenses; (7) failure to provide accurate wage statements; and (8) failure to pay wages when due. A true and correct copy of the Complaint is attached as **Exhibit A**.

2. On March 8, 2021, Plaintiff served copies of the Complaint, the Summons, and Civil Cover Sheet on Defendant Hilton Management LLC. True and correct copies of the Summons and Civil Cover Sheet served on Defendant Hilton Management LLC are attached as **Exhibit B** and **Exhibit C**, respectively.

3. On April 2, 2021, Defendant filed an Answer to the Complaint. A true and correct copy of Defendant's Answer is attached as **Exhibit D**.

4. The Complaint remains Plaintiff's operative pleading in this action as of the date of the filing of this Notice of Removal.

5. **Exhibits A, B, C, and D** constitute all the pleadings that have been filed or served by or against Defendant Hilton Management LLC in this action as of the date of the filing of this

Notice of Removal.

## II. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

6. Plaintiff brings this action as a putative class action.[1] Removal based upon the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 because (1) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs; (2) the aggregate number of putative class members in all proposed classes is 100 or greater; and (3) diversity of citizenship exists between at least one putative class member and the named defendants in this matter. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1089–90, 1090 n.2 (9th Cir. 2010). Although Defendants deny Plaintiff's factual allegations and denies that Plaintiff or the classes, she purports to represent are entitled to the relief requested, all requirements for jurisdiction under CAFA have been met in this case.

### A. The Putative Class Has More Than 100 Members.

7. To remove under CAFA, the aggregate number of putative class members in all proposed classes must be greater than 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B); *United Steel*, *supra,* 602 F.3d at 1090, 1090 n.2. Plaintiff's Complaint defines the putative class in this action as "all individuals who are or previously were employed by DEFENDANT in California at the Hilton San Francisco Union Squire Hotel and classified as non-exempt employees at any time during the period beginning four (4) years prior to the filing of the original complaint and ending on the date as determined by the Court." (Ex. A at ¶¶ 4 and 22.) Based on Defendant's initial investigation, Defendant had a staff of more than 800 hourly employees at the Hilton San Francisco Union Squire Hotel during the Class Period (not taking into account turnover). Accordingly, there are more than 100 putative class members in the proposed class here.

### B. Diversity Of Citizenship Exists.

8. To satisfy CAFA's diversity requirement, a party seeking removal need only show

---

[1] Defendants deny that this action can properly proceed as a class action. Defendants reserve the right to contest at the appropriate time, that this action can properly proceed as a class action.

3

DEFENDANT'S NOTICE OF REMOVAL                                        CASE NO.

1  that minimal diversity exists, that is, that one putative class member is a citizen of a state different
2  from any defendant.  28 U.S.C. § 1332(d)(2)(a) (under CAFA's minimal diversity requirements,
3  diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any
4  defendant"); *United Steel*, *supra*, 602 F.3d at 1089–90 (holding that to achieve its purposes, CAFA
5  provides expanded original diversity jurisdiction for class actions meeting the minimal diversity
6  requirement set forth in 28 U.S.C. § 1332(d)(2)).

7      9.    "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v. Allstate*
8  *Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265
9  F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is
10 determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d
11 747, 750 (9th Cir. 1986)).  Plaintiff has brought representative claims on behalf of putative class
12 members residing in the State of California. (Exh. A at ¶¶ 4, 22 and 32.)  Thus, at least one putative
13 class member is a citizen of California for diversity jurisdiction purposes.

14     10.    CAFA provides that an unincorporated association is a citizen of the state where it
15 has its principal place of business and under whose laws it is organized.  28 U.S.C. § 1332(d)(10).
16 *See Lafountain v. Meridian Senior Living*, No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist. LEXIS
17 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d
18 698, 705 (4th Cir. 2010) (under CAFA, an LLC is a citizen of the State under whose laws it is
19 organized and the State where it has its principal place of business); *Marroquin v. Wells Fargo,*
20 *LLC*, No. 11-CV-163-L-BLM, 2011 U.S. Dist. LEXIS 10510, (S.D. Cal. Feb. 3, 2011) (applying
21 *Ferrell* to find that minimum diversity existed).[2]

22     11.    Defendant is a limited liability company, organized and existing under the laws of
23 the State of Delaware.  Its principal place of business is located in the State of Virginia.  Its sole
24 member is Hilton Domestic Operating Company Inc.

25     12.    For diversity purposes, a corporation is considered a citizen of any state by which it
26 is incorporated and of the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1)).

27

28 [2] Under Section 1332's clear and unequivocal language, an LLC need only demonstrate its own State of registration and principal place of business.

4

1  The U.S. Supreme Court adopted the "nerve-center" test to determine in which state a corporation has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 1192 (2010). In applying the nerve center test, the Ninth Circuit Court of Appeals has observed "the nerve center test focuses on where the enterprise's decisions are made, as opposed to carried out, and thus centers on the 'brains' of an enterprise, not the 'brawn." *See, United States v. Chao Fan Xu,* 706 F.3d 965, 976 (9th Cir. 2012) (holding the nerve center will usually be the state where the corporation has its headquarters).

13. Hilton Domestic Operating Company Inc. was incorporated in the State of Delaware and its principal place of business is located in the State of Virginia. Therefore, Defendant is a citizen of the State of Delaware and the State of Virginia.

14. It is not necessary for DOES 1 through 100 to join in this removal as they have been sued under fictitious names, have not been served or received the Summons or the Complaint, and, under 28 U.S.C. § 1441(b)(1), are disregarded for purposes of removal and are not proper parties in this Court.

15. Accordingly, at least one member of the putative class is a citizen of a state different from Defendant. As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount in Controversy Exceeds $5,000,000

16. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum. *See Standard Fire Ins. Co. v. Knowles*, 586 U.S. 588, 590, 133 S. Ct. 1345, 1347 (2013).

17. Plaintiff's Complaint does not specify an amount in controversy. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the

1  amount in controversy exceeds the jurisdictional threshold," but the statement need not contain
2  evidentiary submissions. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81,
3  82, 89 (2014); *see also, Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015)
4  (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA
5  cases); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (where a plaintiff
6  has not expressly pled a specific amount of damages, a removing party need only show that it is
7  more likely than not that the amount in controversy exceeds $5,000,000).

8  18.  Moreover, "[i]f a federal court is uncertain about whether 'all matters in
9  controversy' in a purported class action 'do not in the aggregate exceed the sum or value of
10 $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary
11 Report, S. REP. 109–14, at 42 (2005) (citation omitted).

12 19.  A removing defendant is "not required to comb through its records to identify and
13 calculate the exact frequency of violations." *Oda v. Gucci America, Inc.*, Case No. 2:14-cv-7468-
14 SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell
15 Sigler, Inc.*, Case No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. U.S. LEXIS 55667, at *5 (C.D.
16 Cal. Apr. 28, 2015). ("[A] removing defendant is not obligated to research, state and prove the
17 plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transport. Inc.*,
18 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the
19 contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating
20 the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v.
21 Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy,
22 defendants "are not stipulating to damages suffered, but only estimating the damages in
23 controversy").  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's
24 Complaint, not what defendants will actually owe. *LaCross*, 775 F.3d at 1202 (explaining that
25 courts are directed "to first look to the complaint in determining the amount in controversy")
26 (citation omitted).

27 20.  Under *Dart Cherokee*, a removing defendant is not required to submit evidence in
28 support of its removal allegations. *Roa v. TS Staffing Servs., Inc.*, Case No. 2:14-cv-08424-ODW

1  (MRW), 2015 U.S. Dist. LEXIS 7442, at *4–5 (C.D. Cal. Jan. 22, 2015).  However, as detailed below, Defendants have both plausibly alleged and established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and the Court has jurisdiction pursuant to CAFA.

21. Although Defendants deny Plaintiff's factual allegations and deny that Plaintiff or the class she seeks to represent are entitled to any relief, Plaintiff's allegations have more likely than not put into controversy an amount that exceeds the $5,000,000 threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

22. Plaintiff alleges that the named defendants committed eight distinct categories of unlawful conduct as to Plaintiff and all Class Members, continuously, over a three-year period.

23. Plaintiff's claims for meal and rest break premiums, waiting time penalties, and wage statements penalties, alone, exceed the $5,000,000 threshold.

24. Plaintiff seeks waiting time penalties under California Labor Code section 203. Under section 203, an employee who is not timely paid all wage due upon termination may recover a penalty equal to the employee's daily rate of pay for each day the wages are improperly withheld, for up to 30 days.

    a. Based on Defendant's initial investigation, there were at least 824 separations from employment during the alleged class period. 179 were full-time employees and 645 were part-time employees.  Putative class members earned a median wage of $27.00, thus, full-time employees would be entitled to approximately $6,480 in waiting time penalties, while part-time employees would be entitled to approximately $3,240 in

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendants' references to potential damage amounts based on Plaintiff's allegations are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or any putative class member.  In addition, Defendants deny that liability or damages can be established on a class wide basis.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commcn's., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

waiting time penalties.

  b. Multiplying the waiting time penalties by the number of full-time and part-time employees equals: $1,159,920 in waiting time penalties to full-time employees and $2,089,800 in waiting time penalties to part-time employees, for a total of $3,249,720.

25. Plaintiff alleges each Class Member was denied meal and rest periods. Pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11, an employee that works an eight-hour shift is entitled to one unpaid meal period of at least 30 minutes duration. An employer that fails to provide a meal period is liable to the aggrieved employee for one hour of pay at the employee's regular rate.

26. Similarly, under California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 12, an employee that works an eight-hour shift is entitled to two paid rest periods of at least ten minutes duration. An employer that fails to provide a rest period is liable to the aggrieved employee for one hour of pay at the employee's regular rate.

  a. Accordingly, as to full-time employees working an eight-hour shift, an employer that fails to provide meal and rest periods incurs liability for two hours of pay at the employee's straight-time rate for each workday. Employees who work part-time would be entitled to one hour of pay at the employee's straight-time rate for each workday.

  b. There are approximately 144 workweeks in the alleged class period where the hotel was fully staffed.

  c. Assuming that Defendant only employed 800 employees during the alleged class period, and that each employee only missed one meal or a single rest break per workweek at the median wage of $27.00, Plaintiff's allegations suggest that each employee Defendant employed in California are owed approximately $3,888 ($27 per hour multiplied by 144 workweeks).

  d. Multiplying the amount per employee ($3,888) by the number of

employees (800) results in a total of $3,110,400.

27.  Thus, combined, the amount in controversy for just these two causes of action exceeds the $5,000,000 threshold.

28.  Notably, the above calculations reach the jurisdictional threshold without included the unspecified amount of attorneys' fees that Plaintiff seeks.  In determining whether a complaint meets the amount in controversy threshold for removal under 29 U.S.C. § 1332, a court may also consider the aggregate value of claims for compensatory damages and attorney's fees. See Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount).

29.  In addition to Plaintiff's claims for Section 203 penalties and waiting time penalties, Plaintiff seeks damages on behalf of herself and the putative class for failure to provide meal and rest breaks, failure to pay overtime, failure to pay minimum wage, failure to reimburse business expenses, and unfair competition.  These alleged damages further contribute to the amount in controversy.

30.  Finally, Plaintiff seeks her attorneys' fees and costs (Ex. A, Prayer for Relief). Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  This additional amount places this action well above the CAFA threshold.

31.  Based on the foregoing, all requirements for CAFA removal are satisfied, and removal is proper.

## III. <u>REMOVAL IS TIMELY</u>

32.  Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days to file a Notice of Removal, measured from the date the defendant receives or is served with the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

33.  Plaintiff served Defendant with the Complaint on March 8, 2021.  (Ex. A.)

34.  Measured from March 8, 2021, Defendant's deadline to file this Notice of Removal

1  with this Court is April 7, 2021.

2      35. Defendant is filing this Notice of Removal with this Court on April 7, 2021.

3      36. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## IV. NOTICE TO PLAINTIFF AND STATE COURT

    37. Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco, as required by 28 U.S.C. § 1446(d).

## V. VENUE

    38. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As stated above, Plaintiff brought this action in Superior Court of the State of California, County of San Francisco. Thus, venue properly lies in the United States District Court for the Northern District of California. 28 U.S.C. §§ 84(a), 1441(a).

## VI. CONCLUSION

    39. Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its argument that removal is proper.

Dated: April 7, 2021                                      JACKSON LEWIS P.C.

By:     */s/ Fraser A. McAlpine*
       Fraser A. McAlpine
       Isabella L. Shin
       Attorneys for Defendant
       HILTON MANAGEMENT LLC

4833-5990-2691